JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
U2 HOME ENTERTAINMENT, INC.

07 CIV 9368

                    Plaintiff,                    :

          vs.                                     :

VICTOR CHAZIZA, RACHEL WEIS, AND "JOHN   :        **COMPLAINT**
DOES" I THROUGH V DOING BUSINESS AS      :
"KUNGFUDVD.COM" A/K/A "KUNG FU DVD",     :
"R&Z ENTERPRISES, INC." A/K/A "RZ        :
ENTERPRISES", AND "JBN ENTERPRISES       :
INC."                                    :
                                         :                OCT 19 2007
                    Defendants.          :           U.S.D.C. S.D. N.Y.
- - - - - - - - - - - - - - - - - - - - - x              CASHIERS


        Plaintiff U2 Home Entertainment, Inc., by its attorneys

Sargoy, Stein, Rosen & Shapiro, for its complaint against

Victor Chaziza, Rachel Weis, and "John Does" I through V doing

business as "KungFuDVD.com" a/k/a "Kung Fu DVD", "R&Z

Enterprises, Inc." a/k/a "RZ Enterprises", and "JBN Enterprises

Inc." states as follows:


                        **JURISDICTION AND VENUE**

        1.    This action arises under the copyright laws of the

United States (Title 17, United States Code).  Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

Venue is proper in this district pursuant to 28 U.S.C. §§

1391(a)(2) and 1400(a).

## THE PARTIES

2.   Plaintiff U2 Home Entertainment, Inc. is a corporation duly incorporated and operating under the laws of the State of California, that does business under the names Century Home Entertainment, New Image Audio & Video and Tai Sent Entertainment formerly Tai Seng Video Marketing. Plaintiff is engaged in the business of, inter alia, licensing feature motion picture and television programming in the Chinese language (Cantonese and Mandarin) and other Asian languages produced in Asia and distributing copies to video outlets in the United States in the form of videocassettes, laser discs, video cassette discs ("VCDs") and digital versatile discs ("DVDs").

3. Upon information and belief, defendant Victor Chaziza ("Chaziza") is an individual who is liable for the infringing activities described below since he has authorized and/or contributed to and/or is vicariously liable for such activities.

4. Upon information and belief, defendant Rachel Weis ("Weis") is an individual who is liable for the infringing activities of the herein defendants described below since she has authorized and/or contributed to and/or is vicariously liable for such activities.

5. Upon information and belief, defendants conduct business and operate a website named KungFuDVD.com that

distributes VCDs and/or DVDs of martial arts films produced in Asia throughout the United States. Chaziza is listed as the administrative contact and registrant contact for the KungFuDVD.com website.

6.    Defendants also operate a retail store located at 1204 Broadway, #306, New York, New York, that similarly distributes videodiscs of martial arts films produced in Asia.

7.    Upon information and belief, "R&Z Enterprises, Inc." a/k/a "RZ Enterprises" was a District of Columbia corporation located at 1105 F Street NW, Washington, DC 20004, but no longer appears to be in good standing.  "R&Z Enterprises, Inc." is listed as the registered owner of the KungFuDVD.com website and the registered owner of KungFuDVD.com's telephone number. Weis was the registered agent of "R&Z Enterprises Inc."

8.    Upon information and belief, defendants also conduct business as "JBN Enterprises Inc.".

9.    Upon information & belief, defendants "John Does" I through V are individuals who are currently unknown to plaintiff who own and/or operate and/or have a financial interest and the right and ability to control the operation of defendants herein.  (Hereinafter, Victor Chaziza, Rachel Weis, and "John Does" I through V doing business as "KungFuDVD.com" a/k/a "Kung Fu DVD", "R&Z Enterprises, Inc." a/k/a "RZ Enterprises", and "JBN Enterprises Inc." are collectively referred to as "Defendants".)

**FIRST CAUSE OF ACTION**

10.   At all times material hereto, plaintiff was and is
the sole and exclusive licensee in the United States for the
importation, reproduction and distribution of certain motion
picture and television programs originally produced and
released in various Asian countries.  Plaintiff imports or
reproduces these works on videocassette, VCD and/or DVD for
distribution in the home rental and sales market in the United
States.  These motion pictures are produced and distributed by
various corporations and other entities in Asia,("Plaintiffs
Licensors").  A non-exhaustive list of the copyrighted motion
pictures at issue herein in which plaintiff owns exclusive
rights under copyright and which are currently registered in
the United States Copyright Office or for which there are
applications for copyright registration pending or are
protected under international copyright conventions is attached
hereto as Exhibit A and is incorporated herein by reference.
(These motion pictures may hereinafter be referred to as
"Plaintiffs' Motion Pictures".)

11.   Plaintiff or Plaintiff's Licensors has complied with
all statutory formalities required by the Copyright Act,
including renewals where required, to maintain the validity of
the registered copyrights in Plaintiffs' Motion Pictures.

12.   Upon information and belief, Defendants have from

time to time within the past three years engaged in or
authorized importation and/or duplication of copies of certain
Plaintiff's Motion Pictures.

13.   Upon information and belief, Defendants have from
time to time within the past three years unlawfully
distributed, illegally imported and/or illegally reproduced
copies of certain Plaintiff's Motion Pictures.

14.   Through the use of their website and retail store,
Defendants have distributed unauthorized copies of Plaintiff's
Motion Pictures.   Using the KungFuDVD.com website, Defendants
have offered to sell and have sold each of the works attached
hereto as Exhibit A.

15.   For all titles hereto attached as Exhibit A,
plaintiff is the owner of exclusive rights under Copyright.

16.   Plaintiff has never authorized Defendants, by license
or otherwise, to import, duplicate or distribute such illegally
imported and/or duplicated copies.

17.   Defendants' acts, as hereinabove alleged are
infringements of plaintiffs' exclusive rights under copyright.
These specific acts as alleged are not exhaustive of
Defendants' infringing activity, but represent just "the tip of
the iceberg" of Defendants' wrongful conduct.

18.   Defendants have continued to infringe said copyrights
and unless permanently enjoined by order of this Court, will
continue to infringe said copyrights, all to plaintiffs'

irreparable injury.  Plaintiff is without an adequate remedy at law.

19.  Plaintiff has sustained, and will continue to sustain, substantial injuries, loss and damage to its exclusive rights under copyright in Plaintiff's Motion Pictures and further has and will sustain damages from the loss of value of its exclusive rights by reason of defendant's conduct.

### SECOND CAUSE OF ACTION

20.  Plaintiff repeats and realleges the allegations of this complaint as contained in paragraphs 1 through 20.

21.  Defendants have committed all the aforesaid acts of infringement deliberately and willfully.

WHEREFORE, plaintiff prays for judgment as follows:

1.   That Defendants be enjoined permanently from:

(a)  importing, duplicating, manufacturing or copying any of Plaintiff's Motion Pictures;

(b)  renting, selling, lending, exchanging, trading or distributing any unauthorized videocassette, VCDs, and DVDs or other unauthorized copy of Plaintiff's Motion Pictures;

(c)  offering to do any of the acts enjoined in subparagraphs (a) and (b) above; and

(d)  from in any manner infringing or contributing to or participating in the infringement by others of any of the

copyrights in Plaintiff's Motion Pictures, and from acting in concert with, aiding or abetting others to infringe any of said copyrights in any way;

2.   That Defendants be required to deliver upon oath, to be impounded during the pendency of this action, all negatives, positive film prints, transcriptions, recordings, video masters or videocassettes, laser discs, VCDs, DVDs, computers, video copying equipment, and photocopy machines used for manufacture of unauthorized packaging held for delivery or under their control, under whatever name of the subject as may have been affixed thereto, as are herein alleged to infringe or to have been used to infringe any of the copyrights aforesaid; and that an Order of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and the Federal Rules of Civil Procedure; and that at the conclusion of this action, the Court shall order all such material so held to be surrendered to plaintiff or to be destroyed under an Order issued under 17 U.S.C. §503, whichever shall seem to this Court to be most just and proper;

3.   That, with respect to the first and second causes of action, defendants be required to pay to plaintiff statutory damages, if plaintiff so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to that work.  If the Court finds that any infringement was committed willfully, plaintiff prays for statutory damages, if plaintiff so elects, of up to $150,000 for each copyrighted

work infringed for all willful infringements with respect to that work;

    4.    That plaintiff recovers the costs including attorneys' fees incurred herein; and

    5.    That plaintiff has such other and further relief as this Court deems just and proper.


Dated: <u>Oct   18</u> , 2007

           **SARGOY, STEIN, ROSEN & SHAPIRO**

           By: _____
               Harvey Shapiro
               Attorneys for Plaintiff
               1790 Broadway, 14TH Floor
               New York, New York  10019
               (212) 621-8224

# EXHIBIT A

### Title

Blood Child (1982)
Hard Boiled (1992)
Musa the Warrior (2001)
Ninja Checkmate (1979)
Ninja Wolves
Shaolin vs Evil Dead (2004)
Sword in the Moon (2003)
Sword Stained With Royal Blood (1993)
The New Legend of Shaolin (1994)
The Shaolin Avengers (1976)
Wing Chun (1994)