UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x   07-CIV-9368(GEL)(HP)
U2 HOME ENTERTAINMENT, INC.            :
                                       :
                                       :
          Plaintiff,                   :
                                       :
        vs.                            :
VICTOR CHAZIZA, RACHEL WEIS, AND "JOHN :
DOES" I THROUGH V DOING BUSINESS AS    :
"KUNGFUDVD.COM" A/K/A "KUNG FU DVD",   :
"R&Z ENTERPRISES, INC." A/K/A RZ       :
ENTERPRISES, AND "JBN ENTERPRISES INC." :
                                       :
          Defendants.                  :
- - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/08

SETTLEMENT AGREEMENT AND STIPULATION
FOR ENTRY OF JUDGMENT

This Settlement Agreement (the "Agreement") is made and entered into by U2 Home Entertainment, Inc., ("Plaintiff") and Victor Chaziza and Rachel Weis doing business as "KungFuDVD.com" a/k/a "Kung Fu DVD", "R&Z Enterprises", Inc." a/k/a "RZ Enterprises", and "JBN Enterprises Inc." ("Defendants"). (Plaintiff and Defendants together may hereinafter be referred to as the "Parties".)

WHEREAS, Plaintiff filed this action on October 19, 2007 against Defendants seeking, *inter alia*, damages and injunctive relief for alleged copyright infringement (the "Action"); and

WHEREAS, the Parties have agreed that, to avoid any additional expense and the uncertainty of litigation, it is in their respective best interests to enter into this Agreement to settle and resolve and all outstanding claims by way of compromise and

without admission of liability by either party;

NOW, THEREFORE, for good and valuable consideration, the Parties agree as follows:

1. Defendants agree to enter a two (2) year purchase agreement under the following terms:

Year One: Defendants shall purchase not less than Fifty Thousand Dollars ($50,000.00) of Plaintiff's Motion Pictures from Plaintiff during the time period of time from the defendant's execution of this Agreement to December 31, 2008.  The minimum purchase upon the signing of the Agreement is Ten Thousand Dollars ($10,000.00) with payment to be made in a cashier's check or money order to Plaintiff.  If the annual minimum purchase amount is not satisfied by December 31, 2008, the remaining balance must be paid by Defendants to Plaintiffs in full in a cashier's check or money order on December 31, 2008.  For all purchases made by Defendants, Defendants will pay Fifty Percent (50%) less the suggested retail price as determined by Plaintiff.

Year Two: During the calendar year beginning January 1, 2009 Defendants shall purchase not less than Fifty Thousand Dollars ($50,000.000) of Plaintiff's Motion Pictures from Plaintiff by December 31, 2009. If the minimum purchase amount is not satisfied by December 31, 2009, the remaining balance must be paid by Defendants to Plaintiffs in full in a cashier's check or money order on December 31, 2009.  For all purchases made by Defendants,

Defendants will pay Fifty Percent (50%) less the suggested retail price as determined by Plaintiff.

2. The Parties agree they will not appeal the Permanent Injunction and Judgment entered pursuant to this Agreement nor the Default Judgment and hereby waive all rights to appeal from it.

3. The Parties hereby forever release each other and their respective officers, agents, employees and attorneys from any and all claims, demands, causes of action, damages and liabilities, obligations and costs, arising out of this lawsuit or the subject matter thereof, prior to the date of this Agreement. Since this release is limited to the claims asserted in this lawsuit, it does not release the Parties from their allegations in connection with sublicense agreements or other contractual obligations.

4. The Parties agree that the confidentiality of this Agreement is a material consideration for their entering into this Agreement. Accordingly, neither of the Parties, nor any of their respective directors, officers, agents, employees, affiliates, assigns, insurers, successors, attorneys, or other representatives, shall disclose any terms or contents of this Agreement or the negotiations which led to this Agreement to any person not a duly authorized representative of a Party hereto. In response to an inquiry, the Parties shall make no comment or disclosure about the Action or the underlying claims in it, other than stating that this Action has been settled. This paragraph shall not preclude:

(A) the disclosure of the terms of this Agreement by either of the Parties in any court proceeding brought by or against

3

any Party for the enforcement of any right accruing in favor of or against such Party under this Agreement or in defense of any court proceeding brought against any Party to enforce any claim that is the subject of this Agreement; or

    (B)  the disclosure of the terms of the Agreement by either Party hereto in response to a court order or process or as required by any applicable law or regulation; or

    (C)  the disclosure of the terms of the Agreement by either Party to a tax attorney, accountant or to tax authorities; or

    (D)  the disclosure of the terms of the Agreement as otherwise required by law, including but not limited to under regulations of the United States SEC, state money services regulators and other governmental agencies.

    5.  This Agreement shall be binding on and inure to the benefit of the heirs, successors and assigns of the respective Parties hereto.

    6.  This Agreement constitutes the entire agreement and understanding of the Parties with respect to its subject matter, and there have been no representations or promises not expressly set forth herein which have been made by a Party to induce any other Party to enter into this Agreement or to stipulate to entry of the Permanent Injunction and Judgment provided for hereby.

    7.  In the event that any legal action, proceeding or arbitration is initiated to enforce or interpret the provisions of this Agreement or of the Permanent Injunction and Judgment to be entered pursuant hereto, the prevailing party in any such action,

proceeding or arbitration shall be entitled to recover, in addition to any other relief awarded, its costs including reasonable attorneys' fees.

8. Each person executing this Agreement on behalf of the parties hereto expressly warrants and represents that he or she is fully empowered to action on behalf of, and bind the party on whose behalf he or she is purporting to act.

                                                SARGOY, STEIN, ROSEN & SHAPIRO

Date: 2/4/08           By: _____
                                           Harvey Shapiro
                                           Attorney-in-Fact for Plaintiff
                                           U2 HOME ENTERTAINMENT, INC.

                                           KUNGFUDVD.COM a/k/a KUNG FU DVD,
                                           R&Z ENTERPRISES, INC. a/k/a RZ
                                           ENTERPRISES and JBN ENTERPRISES INC.

Date: 1/30/08          By: _____
                                           Victor Chaziza
                                           Title: President

Date: _____      _____
                                           Victor Chaziza (Individually)
                                           Home Address:
                                           Social Security Number:
                                           Date of Birth: 6/8/66

Date: 1/30/08              _____
                                           Rachel Weis (Individually)
                                           Home Address:
                                           Social Security Number:
                                           Date of Birth: 3/16/59

SO ORDERED

_____
GERARD E. LYNCH, U.S.D.J.
4/18/08

5